UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

THOMAS A. AULICINO,

                Plaintiff,

    v.

NEW YORK CITY (DEPARTMENT OF
HOMELESS SERVICES),

                Defendant.

-------------------------------------------------------------- X

**COMPLAINT AND JURY DEMAND** (PKC)

08 cv 03201

Plaintiff, as and for his complaint, alleges as follows:

## INTRODUCTION

1.    This is a complaint by an employee of the City of New York, employed in the Department of Homeless Services ("DHS"), alleging that he has been the victim of retaliation because he filed a previous complaint of race discrimination.

## JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000, *et seq.* This Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), and this Court's pendant jurisdiction is invoked. Plaintiff received a Right to Sue notice from the Equal Employment Opportunity Commission ("EEOC") in Case No. 16G-2007-02091 on January 1, 2008.

## PARTIES

3.    Plaintiff is an employee of the City of New York. He was initially employed in 1985 by the Department of Housing Preservation and Development, and then in 1991 at the Human Resources Administration ("HRA"), and was transferred to the Department of Homeless

Services when HRA was split up in 1993. At all times, plaintiff has been employed as a Motor Vehicle Operator, as a permanent civil service employee. Plaintiff resides at 2014 59th Street, Brooklyn, New York 11204. At all relevant times, plaintiff was an employee as that term is defined at 42 U.S.C. §2000(e)(1).

4. The City of New York is a municipal corporation which governs the five counties of Bronx, Kings, New York, Queens, and Richmond. The Department of Homeless Services ("DHS") is a "mayoral agency" which functions under the direction of a commissioner appointed by the Mayor of the City of New York. DHS's headquarters is located at 33 Beaver Street, New York, New York 10004.

## FACTS RELEVANT TO ALL CLAIMS

5. Commencing in 1991, plaintiff was assigned to the Hinsdale Depot of HRA, and later DHS, to do driving duties. Approximately 30 drivers were assigned to said Depot.

6. On or about January 2002, plaintiff filed an internal agency complaint alleging that he had been mistreated by his supervisor because of his race.

7. On or about January 2003, plaintiff filed a complaint alleging race discrimination with the EEOC.

8. On or about May 5, 2003, plaintiff filed suit in United States District Court against DHS, alleging discrimination based on race, color, and national origin. His complaint specifically alleged that he had been subjected to a racially hostile work environment because of his race, and a racially discriminatory failure to promote him to a supervisory position in around September 2002.

9. On or about November 7, 2006, plaintiff's complaint was dismissed by U. S. District Judge Sterling Johnson, Jr. Plaintiff appealed that dismissal to the United States Court of Appeal for the Second Circuit. That appeal is presently pending.

10. After plaintiff filed suit, he filed subsequent complaints with the New York State Division for Human Rights and the EEOC on June 5, 2006 (EEOC Complaint No. 16GA603258) and on March 15, 2007 (EEOC Complaint No. 16GA702091) alleging retaliatory acts on the part of the City of New York.

11. In fact, after plaintiff made his complaints, he was subjected to a series of retaliatory employment actions by DHS management personnel, including but not limited to the following:

    a. On or about June 10, 2005, plaintiff's supervisor attempted to discipline him, without basis, for allegedly not picking up food samples.

    b. On or about November 22, 2005, plaintiff's supervisor refused to approve plaintiff's vacation, without a legitimate reason.

    c. On January 12, 2006, plaintiff received a disciplinary write-up, which was without legitimate basis.

    d. In July 2006, plaintiff's check was held up, without reason, while he was on vacation.

    e. On or about August 22, 2006, the DHCR Director of Discipline sought to have plaintiff's "behavior/performance" controlled and monitored, and threatened Mr. Aulicino with discipline, despite plaintiff's having fully cooperated with an investigation of an allegation that he had improperly refused to drive a caseworker to lunch.

    f. On or about October 11, 2006, plaintiff was served with baseless charges arising out of an incident in October 2005, where other employees (who were brought up on charges) called plaintiff a "fucking rat" and a "fucking faggot," stated "you don't have the ass to kick my ass" and "I know you like to fuck men," and threatened to "kick [his] ass."

    g. On or about October 27, 2006, the Department advised plaintiff that it was seeking to fine him seven days' pay.

    h. Despite numerous other incidents where plaintiff was threatened by fellow employees, none were ever written up or disciplined.

    i. In May 2007, after being out for extended leave due to emotional distress and asking for transfer to one of several locations in Brooklyn, New York, plaintiff was involuntarily transferred to a new work location in Manhattan. Despite transfer, plaintiff's paychecks were issued in his former location.

    j. June 14, 2007, plaintiff was written up for being difficult to contact, even though he had complained about the lack of a City-issued Nextel phone on June 4, 2007.

    k. On June 22, 2007, plaintiff's supervisor cursed him out and then threatened to retaliate if plaintiff reported the incident. Later that afternoon, that same supervisor, without cause, issued a disciplinary write-up accusing plaintiff of insubordination.

    l. On or about August 30, 2007, plaintiff was sent home without pay and written up because he wore shorts to work; plaintiff had not been given previous instructions addressed to the wearing of shorts.

    m. On November 8 and 9, 2007, plaintiff received a verbal and then a written warning following an incident where he was threatened with a knife.

4

n.  On or about November 15, 2007, plaintiff was given a warning for refusing to provide the Department with his personal cell phone number; he had not yet been issued a Department Nextel phone.

o.  On February 27, 2008, plaintiff was presented with a negative evaluation, without cause, for the period June 30, 2006 through March 1, 2007.

p.  In around March 2008, plaintiff was denied a promotion to a supervisory position because of his record.

## DAMAGES

12.  As a direct and proximate result of these actions, plaintiff suffered severe emotional distress, with attendant physical disability.

13.  As a consequence of defendant's actions, plaintiff's reputation has been severely harmed and his ability to advance his career in the City has been severely undercut.

## AS AND FOR A FIRST CAUSE OF ACTION

14.  By its aforedescribed actions, defendant violated plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION

15.  By its aforedescribed actions, defendant violated plaintiff's rights under §296 of the New York State Human Rights Law.

## AS AND FOR A THIRD CAUSE OF ACTION

16.  By its aforedescribed actions, defendant violated plaintiff's rights under §8-107, *et seq.*, of the New York City Human Rights Law.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that judgment be entered:

1. Ordering the expungement of all discipline, write-ups, and negative evaluations from plaintiff's record.

2. Ordering that plaintiff be considered, without bias, for all supervisory positions he applies for.

3. Ordering that plaintiff be transferred to a new location of his choice.

4. Awarding plaintiff $2 million in emotional distress damages.

5. Granting such other and further relief as is just and equitable.

## JURY DEMAND

Plaintiff demands a jury for each and every cause of action stated herein.

Dated: New York, New York
       March 31, 2008

SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff

By: _____
       Arthur Z. Schwartz
       275 Seventh Avenue, 17th Floor
       New York, New York 10001
       (212) 228-6320