UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THOMAS A. AULICINO,

                                             Plaintiff,      **DEFENDANT'S ANSWER**
                                                                    **TO THE FIRST AMENDED**
        - against -                                                  **COMPLAINT**

NEW YORK CITY (DEPARTMENT OF HOMELESS      08 CV 3201(PKC)
SERVICES),

                                                    Defendant.

------------------------------------------------------------------- x

        Defendant New York City Department of Homeless Services ("sued herein as New York City (Department of Homeless Services)") by and through its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the First Amended Complaint, respectfully allege as follows:

        1. Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff is an employee of the City of New York purports to proceed as set forth therein.

        2. Denies the allegations set forth in paragraph "2" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff received two (2) Right to Sue notices from the Equal Employment Opportunity Commission ("EEOC") and admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3. Denies the allegations set forth in paragraph "3" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to where plaintiff resides, and admit that plaintiff has served as a Motor Vehicle Operator for the City of New York

since 1985 and that in 1993 plaintiff was assigned to the New York City Department of Homeless Services ("DHS").

4. Denies the allegations set forth in paragraph "4" of the First Amended Complaint, except admit the City of New York is a municipal corporation organized under the laws of the State of New York and that the principal offices of DHS are located at 33 Beaver Street, New York, New York 10004.

5. Denies the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that in or about 1993 plaintiff was assigned to work at DHS's Hinsdale depot and that his job duties included transporting materials and DHS clients to various homeless shelters.

6. Denies the allegations set forth in paragraph "6" of the First Amended Complaint.

7. Denies the allegations set forth in paragraph "7" of the First Amended Complaint, except admit that plaintiff filed a complaint of discrimination with the EEOC, dated January 7, 2003.

8. Denies the allegations set forth in paragraph "8" of the First Amended Complaint, except admits that on or about May 15, 2003 plaintiff brought an action, titled Aulicino v. New York City Department of Homeless Services, et al., Docket No. 03 CV 2395 (SJ) (LB), in the Eastern District of New York pursuant to Title VII, 42 U.S.C. §§ 2000e, et. seq., the New York State Human Rights Law, N.Y. Executive Law §290, et. seq., the New York City Human Rights Law, N.Y. Admin. Code § 8-107 and respectfully refers the Court to the document cited to therein for a complete and accurate statement of its contents.

9. Denies the allegations set forth in paragraph "9" of the First Amended Complaint, except admits that on November 7, 2006 United States District Judge Sterling

Johnson, Jr. dismissed plaintiff's complaint in <u>Aulicino v. New York City Department of Homeless Services, et al.</u>, Docket No. 03 CV 2395 (SJ) (LB) and respectfully refers the Court to the document cited to therein for a complete and accurate statement of its contents.

10. Denies the allegations set forth in paragraph "10" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff filed EEOC complaints on June 5, 2006 and March 15, 2007 and admits that plaintiff filed a complaint with the New York State Division of Human Rights.

11. Denies the allegations set forth in paragraph "11," of the First Amended Complaint.

12. Denies the allegations set forth in paragraph "11(a)" of the First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether an unidentified supervisor refused to approve plaintiff's vacation on November 22, 2005 as alleged in paragraph "11(b)" of the First Amended Complaint.

14. Denies the allegations set forth in paragraph "11(c)" of the First Amended Complaint, except admit that on or about January 12, 2006 plaintiff attended a supervisory conference with his supervisor and that a conference memorandum detailing the conference was issued to plaintiff on January 13, 2006.

15. Denies the allegations set forth in paragraph "11(d)" of the First Amended Complaint.

16. Denies the allegations set forth in paragraph "11(e)" of the First Amended Complaint.

17. Denies the allegations set forth in paragraph "11(f)" of the First Amended Complaint, except admits that on or about October 11, 2006 plaintiff was served with Charges and Specifications in connection with an with an incident that occurred on or about October 25, 2005.

18. Denies the allegations set forth in paragraph "11(g)" of the First Amended Complaint, except admits that on or about October 27, 2006 an informal conference was held in connection with the Charges and Specifications, dated October 11, 2006, and that the informal conference leader recommended that a seven (7) day pay fine be imposed as a penalty.

19. Denies the allegations set forth in paragraph "11(h)" of the First Amended Complaint.

20. Denies the allegations set forth in paragraph "11(i)" of the First Amended Complaint, except admits that plaintiff requested and was granted Family Medical Leave Act leave for the period of January 26, 2007 until March 12, 2007 and that plaintiff requested and was granted a transfer from DHS's Barbara Kleiman Residence to DHS's Facility Management and Development warehouse facility.

21. Denies the allegations set forth in paragraph "11(j)" of the First Amended Complaint, except admits that on or about June 14, 2007 a conference memorandum was issued to plaintiff with respect to a supervisory conference held on June 14, 2007.

22. Denies the allegations set forth in paragraph "11(k)" of the First Amended Complaint.

23. Denies the allegations set forth in paragraph "11(l)" of the First Amended Complaint, except admits that on or about August 30, 2007 plaintiff reported to work wearing inappropriate clothing and was therefore instructed to leave work.

24. Denies the allegations set forth in paragraph "11(m)" of the First Amended Complaint.

25. Denies the allegations set forth in paragraph "11(n)" of the First Amended Complaint, except admits that all MVOs employed by DHR are required to provide emergency contact information, including a telephone number.

26. Denies the allegations set forth in paragraph "11(o)" of the First Amended Complaint, except admits that a performance evaluation was issued plaintiff for the period of June 30, 2006 through March 1, 2007 and respectfully refers the Court to the that evaluation for a complete and accurate statement of its contents.

27. Denies the allegations set forth in paragraph "11(p)" of the First Amended Complaint, except admits that in or about March 2008 plaintiff was interviewed but not selected for the position of Motor Vehicle Operator Supervisor.

28. Denies the allegations set forth in paragraph "11(q)" of the First Amended Complaint.

29. Denies the allegations set forth in paragraph "12" of the First Amended Complaint.

30. Denies the allegations set forth in paragraph "13" of the First Amended Complaint.

31. Denies the allegations set forth in paragraph "14" of the First Amended Complaint.

32. Denies the allegations set forth in paragraph "15" of the First Amended Complaint.

33. Denies the allegations set forth in paragraph "16" of the First Amended Complaint.

### FOR A FIRST DEFENSE:

34. The First Amended Complaint fails to state a claim against defendant upon which relief can be granted.

### FOR A SECOND DEFENSE:

35. The Court lacks subject matter jurisdiction over any claims contained in the First Amended Complaint that were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

### FOR A THIRD DEFENSE:

36. Any of plaintiff's Title VII claims in the First Amended Complaint which accrued more than 300 days prior to plaintiff's filing of his charge of discrimination with the EEOC are time-barred.

### FOR A FOURTH DEFENSE

37. This action may be barred, in whole or in part, by the applicable statutes of limitations.

### FOR A FIFTH DEFENSE

38. The First Amended Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines

### FOR A SIXTH DEFENSE

39. At all times relevant to the acts alleged in the First Amended Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## FOR A SEVENTH DEFENSE

40. Defendant exercised reasonable care to prevent and promptly correct any alleged harassment by any employee, if any, and plaintiff unreasonably failed to avail himself of corrective or preventative opportunities, or to avoid harm otherwise.

## FOR AN EIGHTH DEFENSE

41. Defendant have not violated any rights, privileges or immunities of the plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## FOR A NINTH DEFENSE

42. All actions taken by defendant with respect to plaintiff were taken in good faith for non-discriminatory and non-retaliatory legitimate business reasons and based on reasonable factors other than plaintiff's gender and race.

**WHEREFORE,** defendant respectfully requests that this Court enter an order dismissing the First Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:    New York, New York
          May 19, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel
                                        of the City of New York
                                      Attorney for Defendant
                                      100 Church Street, Room 2-146
                                      New York, New York 10007
                                      (212) 676-2750
                                      aoconnor@law.nyc.gov

                          By: _____
                                      Andrea O'Connor (AO4477)
                                      Assistant Corporation Counsel

TO:    SCHWARTZ, LICHTEN & BRIGHT, P.C. (by ECF and first class mail)
         Attorneys for Plaintiff
         Arthur Z. Schwartz, Of Counsel
         275 Seventh Ave., 17th Floor
         New York, New York 10001

## CERTIFICATE OF SERVICE BY U.S. MAIL

I hereby certify that on May 19, 2008, I caused a true and correct copy of the foregoing Defendants' Answer to the First Amended Complaint to be served upon SCHWARTZ, LICHTEN & BRIGHT, P.C., attorneys for plaintiff, by causing to be deposited a copy of the same, enclosed in a first class post paid properly addressed wrapper, in an official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City, directed to Arthur Z. Schwartz at SCHWARTZ, LICHTEN & BRIGHT, P.C. 275 Seventh Ave., 17th Floor, New York, New York 10001 that being the address designated for that purpose.

Dated: New York, New York
   May 19, 2008

            MICHAEL A. CARDOZO
            Corporation Counsel
             of the City of New York
            Attorney for Defendant
            100 Church Street, Room 2-146
            New York, New York 10007
            (212) 676-2750
            aoconnor@law.nyc.gov

By: *(signature)*
    Andrea O'Connor (AO4477)
    Assistant Corporation Counsel

08 CV 3201(PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS A. AULICINO,

Plaintiff,

- against -

NEW YORK CITY (DEPARTMENT OF HOMELESS SERVICES),

Defendant.

**DEFENDANT'S ANSWER FOR THE FIRST AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street; Room 2-146*
*New York, N.Y. 10007*

*Of Counsel: Andrea O'Connor*
*Tel: (212) 676-2750*
*Matter No. 2008-014087*

Due and timely service is hereby Admitted.

New York, N.Y. ................................................ 200_.

................................................................... Esq

Attorney for ...................................................